**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION**

| | |
|---|---|
| ROBERT J. LACHER, | ) |
| | ) |
| Movant, | ) |
| | ) |
| v. | ) Case No. 05-3175-CV-S-RED |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

## ORDER

Now pending before the Court is a Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Doc. 1) filed by Movant Robert J. Lacher. In this Motion, Movant seeks post-conviction relief, arguing that his sentence was unlawfully enhanced on the basis of information contained in his presentence investigation report; that his conviction under 18 U.S.C. § 922(g)(1) (felon in possession of firearms) is an unconstitutional violation of his Second Amendment rights; and that his attorney was ineffective in researching the constitutional challenges raised by Movant in his § 2255 motion. Movant also requests an evidentiary hearing. In his reply brief, Movant also argues that his sentence violates the double jeopardy clause of the Fifth Amendment. For the reasons set forth below, the Court finds that Movant's § 2255 Motion (Doc.1) is due to be **DENIED**.

### I. Factual and Procedural Background

On June 3, 2004, Robert J. Lacher ("Movant") was indicted by a federal grand jury with being a felon in possession of firearms in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). The indictment stated in whole that:

On or about April 1, 2004, in Dallas County, in the Western District of Missouri, ROBERT

J. LACHER, the Defendant, having been convicted on or about October 11, 1991, in the Circuit Court of Greene County, Missouri of the offense of Driving While Intoxicated and having been convicted on or about July 29, 1988, in the Circuit Court of Greene County, Missouri, of the offense of Second Degree Burglary; each of which is a conviction that is a crime punishable by a term of imprisonment of more than one year, did knowingly possess, in and affecting commerce, firearms, to wit: a Mossberg 12 gauge shotgun, a Ruger .22 rifle, a Marlin 30-30 rifle, a Marlin .35 rifle, two Remington rifles, a H&R 12 gauge shotgun, a Marlin .22 rifle and a Llama .45 handgun and ammunition therefor; in violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2).

On July 20, 2004, Movant, represented by Federal Public Defender Ann Kozuth, entered a plea of guilty before this Court. The transcript of this hearing indicated that Movant was read the indictment as it appears above, and that Movant plead guilty to the indictment, including possession of the nine firearms. The Court then ordered a presentence investigation report ("PSR") to be completed prior to sentencing.

The PSR stated that Movant had previously been convicted of second degree burglary of a commercial business, which the probation officer deemed to be a "crime of violence," resulting in an enhanced base offense level of twenty (20) pursuant to U.S.S.G. 2K2.1(a)(4)(A). Movant's offense level was then increased four levels based on the number of firearms he possessed, U.S.S.G. 2K2.1(b)(1)(B), and an additional four levels for possession of a firearm in connection with another felony offense; here, felony possession of marijuana. U.S.S.G. 2K2.1(b)(5). Movant then received a three level reduction for acceptance of responsibility pursuant to U.S.S.G. 3E1.1(a) and (b) for a total offense level of twenty-five (25). Since Movant's prior criminal record resulted in a criminal history category of four (IV), the applicable sentencing range was 84 to 105 months.

During Movant's sentencing held on October 19, 2004, Movant, assisted by counsel, objected to several findings in the PSR. First, Movant objected to his enhanced base offense level of twenty (20). Movant argued that the Court was precluded from making a finding as to the nature

of his prior conviction for second degree burglary by the Supreme Court's holding in *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004). Movant asserted that under *Blakely,* the Court was prohibited from making a finding that his prior conviction was a crime of violence. This objection was overruled by the Court. Movant again objected to the enhanced base offense level, this time arguing that the burglary of a commercial building should not be considered a crime of violence. This objection was also overruled. Movant then objected under *Blakely* to the four level increase in Movant's offense level for possession of a weapon in connection with felony possession of marijuana. This objection was sustained by the Court, and Movant's total offense level was reduced by four levels to twenty-one (21). Based on this total offense level and a criminal history category of four (IV), Movant's applicable sentencing range was lowered to 57 to 71 months. The Court then sentenced Movant to a term of sixty-six (66) months.

Movant appealed his sentence on the following grounds: (1) that *Blakely* precluded the district court from finding that his second degree burglary conviction of a commercial building was a crime of violence; and (2) that the conviction should not be characterized as a crime of violence and inviting the Eighth Circuit Court of Appeals to revisit its holding in *United States v. Hascall*, 76 F.3d 902 (8th Cir. 1996) (holding that burglary of commercial structure is a crime of violence). On April 13, 2005, the Eighth Circuit rejected all of Movant's arguments and affirmed the sentence of the Court. *United States v. Lacher*, 131 Fed.Appx. 497, 2005 WL 843920 (8th Cir. April 13, 2005) (unpublished opinion).

Movant then proceeded to file his § 2255 Motion with this Court on April 22, 2005. Pursuant to the Court's Order to Show Cause (Doc. 2), the United States filed a Response (Doc. 9) to Movant's Motion on August 8, 2005. Movant then filed his Reply (Doc. 13) on September 2,

2005.

## II. Standard of Review

Section 2255 of Title 28 allows a prisoner in federal custody to attack a sentence imposed by a federal court, on grounds that the court lacked jurisdiction to impose the sentence, that the sentence was not authorized by law or was otherwise open to collateral attack, or that the prisoner's constitutional rights have been denied or infringed upon to render the judgment vulnerable to collateral attack. 18 U.S.C. § 2255; *Hill v. United States*, 368 U.S. 424, 426-27, 82 S. Ct. 448, 470, 7 L. Ed. 2d 417 (1962). Relief under § 2255 is "reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal, and, if uncorrected, would result in a complete miscarriage of justice." *United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996). "A movant may not raise constitutional issues for the first time on collateral review without establishing both cause for the procedural default and actual prejudice resulting from the error." *Id.* Ineffective assistance of counsel, if proved, satisfies this standard. *Id.*

## III. Analysis

In his § 2255 Motion, Movant alleges three errors that he claims entitle him to relief. First, Movant claims that his sentence was unconstitutionally enhanced based on findings contained in the PSR. Second, Movant argues that 18 U.S.C. § 922(g) (felon in possession of firearms) to which he plead guilty, is an unconstitutional infringement of his Second Amendment right to keep and bear arms. Finally, he alleges that he received ineffective assistance of counsel because his counsel neither discovered nor raised Movant's proffered constitutional challenges at his sentencing. Movant also raises for the first time in his Reply that a sentence enhancement based on a prior

-4-

conviction is violative of the double jeopardy clause of the Fifth Amendment.

*A. Enhancement of Movant's Sentence*

Movant first argues that his sentence should be vacated or set aside because the Court found Movant guilty of certain facts and offenses that were not proven beyond a reasonable doubt by a jury or admitted by Movant in violation of Article III, § 2, Clause 3 and the Fifth and Sixth Amendments of the United States Constitution. Specifically, Movant objects to the enhancement of his sentence based on "alleged new facts and/or offenses" contained in the PSR, including that Movant had a prior conviction for a crime of violence; that Movant possessed a large number of firearms; and that Movant possessed the weapons in connection with felony possession of marijuana. After a three level reduction for acceptance of responsibility, Movant argues that his total offense level under which he was sentenced was twenty-five (25).

Movant is mistaken on several grounds. At sentencing, Movant's Counsel objected to a four level enhancement for possession of a weapon in connection with felony possession of marijuana. This objection was sustained by the Court resulting in a four level reduction and total offense level of twenty-one (21). Additionally, although Movant states that he plead guilty "solely and only to the possession of one firearm," the record clearly indicates that Movant plead guilty to the indictment in its entirety including all nine firearms. Finally, at sentencing, Movant objected to the characterization of his burglary as a crime of violence for enhancement purposes. This objection was overruled. On appeal, the Eighth Circuit Court of Appeals found that the Court properly characterized Movant's conviction as a crime of violence and affirmed the Court's finding on this point. *United States v. Lacher*, 131 Fed.Appx. 497, 2005 WL 843920 (8th Cir. April 13, 2005) (unpublished opinion). Therefore, Movant's sentence was enhanced solely based on Movant's prior

admission during his guilty plea as to the number of firearms possessed at the time of the offense and the Court's finding that Movant's previous conviction for second degree burglary was a crime of violence.

Recently, the Supreme Court in *United States v. Booker*, 543 U.S. 220, 244, 125 S.Ct. 738, 756 (2005), reaffirming its ruling in *Apprendi v. New Jersey*, 530 U.S. 466, 490, 120 S.Ct. 2348, 2362-63 (2000), held that "any fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty . . . must be admitted by the defendant or proved to a jury beyond a reasonable doubt." Thus, the Court reaffirmed that, consistent with the Sixth Amendment[1], a court may find the fact of a prior conviction. *See Booker,* 543 U.S. at 244, 125 S.Ct. at 756; *see also United States v. Clyde,* 2006 WL 398629 (8th Cir. Feb. 22, 2006) (fact of prior conviction is for the court to determine, not the jury); *United States v. Vieth,* 397 F.3d 615, 620 (8th Cir. 2005) (same). The Court's finding of fact of a prior conviction also includes the determination of whether the conviction is of a type that enhances the guideline calculation of the defendant's sentence. *See United States v. Kempis-Bonola*, 287 F.3d 699, 703 (8th Cir. 2002)

Here, despite Movant's allegations to the contrary, the enhancement of Movant's sentence was based solely on the Court's finding of fact with respect to Movant's prior conviction for a crime of violence and Movant's admission, at his plea hearing, to the number of firearms in his possession.

---

[1]Although the *Booker* holding primarily discussed a challenge to the sentencing guidelines brought under the Sixth Amendment, the Court sees no reason why the holding of *Booker* would not bar Movant's challenges to his sentence brought under the Fifth Amendment and Article III,§ 2, Clause 3 of the United States Constitution, particularly when the crux of Movant's argument–that only a jury and not a judge may make factual determinations impacting upon a sentence–is essentially the same under all three standards.

Both of these enhancement were made in accordance with established Supreme Court precedent in *Apprendi* and *Booker*. Accordingly, since the enhancement of Movant's sentence was not based on facts required to be proven to a jury beyond a reasonable doubt, Movant's sentence was not unconstitutionally enhanced and his is not entitled to relief on this point.

*B. Double Jeopardy Argument*

Although not raised in Movant's original § 2255 motion, Movant's reply to the Government's response contains the additional argument that his sentence was enhanced based on findings in the PSR that violated the double jeopardy clause of the Fifth Amendment. Specifically, Movant argues that he was forced to defend himself twice for the same offense–first at his plea and then at sentencing–and that the sentencing enhancements resulted in Movant receiving two guilty verdicts for the same offense.

The Court finds that Movant's argument on this point is waived as it was not raised in his § 2255 Motion. Because this issue was raised only in Movant's Reply, the government had no opportunity to respond.[2] *See Hohn v. U.S.*, 193 F.3d 921, 924 n. 2 (8th Cir. 1999) (declining to address claim raised for first time in § 2255 reply brief); *Wright v. United States*, 139 F.3d 551, 553 (7th Cir. 1998) ("[A]n argument that was not made in the defendant's initial brief should be considered waived even though the defendant is pro se.")

---

[2] Alternatively, even if the Court were to consider Movant's double jeopardy challenge, the Eighth Circuit Court of Appeals has repeatedly rejected double jeopardy challenges to sentence enhancements under the Federal Sentencing Guidelines. *See Munger v. Erickson*, 979 F.2d 1323, 1326 n. 8 (8th Cir. 1992) (taking defendant's prior conviction into account in sentencing him for subsequent offense does not constitute double jeopardy violation; defendant is being punished only for subsequent offense); *United States v. Thomas*, 895 F.2d 1198 (8th Cir. 1990) (finding that an enhancement of a sentence under the federal sentencing guidelines was in the form of a habitual offender statute that aggravates or justifies a heavier sentence rather subjecting a defendant to a second conviction or punishment for the prior offense.)

-7-

### C. Second Amendment Challenge

Movant also raises the issue that his sentence should be vacated because his conviction pursuant to 18 U.S.C. §§ 922(g)(1) and 924(a)(2) is an unconstitutional attempt to punish and disarm American citizens in violation of Article VI and the Second, Fifth, Ninth and Tenth Amendments of the Constitution. Although Movant asserts that his rights were violated under all of these provisions, it is clear that Movant's argument on this point is essentially a Second Amendment challenge to his sentence. *See* U.S. Const. amend. II ("A well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed.")

This argument must fail. *See United States v. Pfeifer*, 371 F.3d 430 (8th Cir. 2004) (rejecting Second Amendment challenge to 18 U.S.C. § 922 and finding that Second Amendment does not guarantee the right to possess a firearm unless the firearm has some reasonable relationship to the maintenance of a militia); *United States v. Hale,* 978 F.2d 1016 (8th Cir. 1993) (same). Since Movant has pleaded neither facts leading the Court to believe that his possession of firearms was related to the preservation of a militia, nor does the record support such a finding, Movant's challenge to his sentence on this point is due to be denied.

### D. Ineffective Assistance of Counsel

Although Movant never explicitly cites ineffective assistance of counsel as grounds for relief in his § 2255 Motion, it is clear that Movant believes he is entitled to relief based on this point. According to Movant "the Government, its Attorney General, its prosecutors and *Petitioner's then attorney*" by their actions, deprived Movant of Constitutional protections guaranteed him by the Fifth and Sixth Amendments. (Doc. 1) (emphasis added) The Government's Response framed the

ineffective assistance of counsel issue solely with respect to Movant's argument that his burglary conviction was not a crime of violence. However, Movant asserted in his Reply that his real issue with his counsel's performance was that she allegedly failed to research and discover the constitutional arguments raised by Movant in his § 2255 motion and considered by the Court above.

To establish a claim of ineffective assistance of counsel, Movant has the burden to prove that (1) counsel's performance was deficient, falling below an objective standard of reasonableness; and (2) that the deficient performance prejudiced the Movant as to deprive the defendant of fair proceedings. *Strickland v. Washington*, 446 U.S. 668, 687-88, 104 S. Ct. 2052, 2064-65, 80 L. Ed. 2d 674 (1984).

Regarding the deficiency prong, ineffective assistance will only be found if counsel "'failed to exercise the customary skills and diligence that a reasonably competent attorney would [have] exhibit[ed] under similar circumstances..'" *Apfel*, 97 F.3d at 1076 (quoting *Cheek v. United States*, 858 F.2d 1330, 1336 (8th Cir. 1988) (alteration in *Apfel*)). The Court presumes that a defendant's counsel's conduct falls within a wide range of reasonable professional assistance. *Strickland*, 446 U.S. at 688-89; 104 S. Ct. at 2065. A court should view the circumstances as they appeared to counsel at the time of the proceeding and not benefit from hindsight. *Id.* "Judicial scrutiny of counsel's performance must be highly deferential," and a court will rarely second-guess an attorney's tactics or strategic decisions. *Huls v. Lockhart*, 958 F.2d 212, 214 (8th Cir. 1992) (citations and quotations omitted).

Regarding the prejudice prong, a defendant must show that, but for the attorney's unprofessional errors, there is a reasonable probability that the results of the proceeding would have been different. *Strickland*, 466 U.S. at 688, 104 S. Ct. at 2065. A reasonable probability is one

sufficient to undermine the confidence in the outcome of the proceeding. *Id.* Failure to demonstrate prejudice can be dispositive of a case, and a court need not address the reasonableness of an attorney's behavior if the defendant cannot prove prejudice. *Apfel*, 97 F.3d at 1076.

Applying this framework, the Court finds it unnecessary to determine if Movant's counsel performed in a deficient manner because the Court is satisfied that Movant suffered no actual prejudice from counsel's alleged errors. Movant alleges that Counsel was ineffective in researching Movant's constitutional challenges to his sentence as set forth in his § 2255 Motion. As discussed above, the Court finds Movant's challenge to his sentence based on these arguments to be contrary to both established Supreme Court and Eighth Circuit precedent, and rejected each of Movant's claimed grounds for relief. Since Movant's stated positions for setting aside his sentence are without basis in the law, he has not made a showing that the result of his sentencing would have been different had his counsel raised them during sentencing or on appeal. *See Thomas v. United States*, 951 F.2d 902, 903 (8th Cir. 1991) (finding that failure of defense attorney to raise meritless legal arguments insufficient to sustain claim of ineffective assistance of counsel). Accordingly, Movant's claim of ineffective assistance of counsel must fail.

## IV. Conclusion

Upon review of Movant's 28 U.S.C. § 2255 Motion (Doc. 1) the Government's Response (Doc. 9), Movant's Reply (Doc. 13) and the record and proceedings in the underlying criminal case, the Court finds that none of Movant's arguments warrant relief under § 2255. Additionally, the Court finds that all the issues can be conclusively resolved by the record and that a hearing is not warranted. *See Bradshaw v. United States*, 153 F.3d 704, 708 (8th Cir. 1998). Accordingly, it is hereby:

Case 6:05-cv-03175-RED   Document 16   Filed 03/23/06   Page 10 of 11

ORDERED that Movant's Petition Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Doc. 1) is **DENIED.**

It is further ORDERED that a Copy of this Order be sent via first class, postage prepaid mail to:

>    Robert J. Lacher
>    17059-045
>    Federal Correctional Complex
>    P.O. Box 9000
>    Forrest City, AR 72336

**IT IS SO ORDERED.**

DATE:      March 23, 2006           */s/ Richard E. Dorr*
                                    RICHARD E. DORR, JUDGE
                                    UNITED STATES DISTRICT COURT